UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **LARRY COFFMAN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:06CV899(MLM) |
| | ) |
| **ALAN BLAKE,** | ) |
| | ) |
| Defendant. | ) |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Larry Coffman, a civil detainee under Missouri's Sexually Violent Predators Act (SVPA), Missouri Revised Statute §§ 632.480 - .513, for leave to commence this action without prepayment of the required filing fee [Doc. #1]. See 28 U.S.C. § 1915(a). Also before the Court is applicant's motion to appoint counsel [Doc. #4]. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which

1

relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Even liberally construed, the instant complaint is nothing more than a diatribe condemning - in plaintiff's view - the ever watchful eye of the government with respect to its citizens (in general) and sex offenders (in particular).

**Discussion**

Plaintiff's screed does not state a claim for which relief may be granted and, therefore, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  Additionally, plaintiff's complaint fails to allege how defendant Blake is directly and personally liable for the wrongs alleged in the complaint. <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990) ([l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); <u>see</u> <u>also</u> <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); <u>Glick v. Sargent</u>, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  <u>See</u> 28 U.S.C. § 1915(E)(2)(b).

**IT IS FURTHER ORDERED** that the motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 20th day of June, 2006.

_____
**UNITED STATES DISTRICT JUDGE**